# FISHMAN ◀FM▶ McINTYRE

FISHMAN McINTYRE LEVINE SAMANSKY P.C.
ATTORNEYS AT LAW

STANLEY P. FISHMAN*
CHRISTOPHER E. McINTYRE > +
MITCHELL B. LEVINE*
SCOTT D. SAMANSKY**
DONALD M. GARSON >
CASSANDRA A. WILLOCK*
SCOTT A. GROSSMAN <

STEVEN W. FIRSICHBAUM >
JANE ANN E. WHITCHURCH >
ANN MARIE F. KANE*
HEATHER M. RAGO*
PETER J. MURANO, III*
DANIELLE J. REISS ^

44 WALL STREET – 12th Floor
NEW YORK, NEW YORK 10005
Telephone (212) 461-7190
Fax (845) 369-0673

NEW JERSEY OFFICE
120 EAGLE ROCK AVENUE
EAST HANOVER, NJ 07936
Tel (973)560-9000
Fax (973)560-0600

> NJ BAR
< NY BAR
**NJ & DC BARS
* NJ & NY BARS
+ Certified Civil Trial Attorney

April 28, 2015

Honorable Vincent L. Briccetti
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    Re:    Maria Oliveri v. Target Corporation, et al
             Civil Case No.: 7: 14-cv-01022
             Our File No.: TARN-76-ML

Dear Judge Briccetti:

       Please be advised this firm represents defendant, Target Corporation ("Target"), in connection with the above-referenced action. This letter-motion is submitted to Your Honor to request a pre-motion conference as Target respectfully requests permission to move for summary judgment pursuant to F.R.C.P. 56. The basis for the anticipated motion for summary judgment on behalf of Target is as follows.

## FACTS

       Plaintiff, Maria Oliveri, alleges that on June 11, 2012, she was caused to slip and fall on a "clear" liquid substance in an aisle of a Target store located in Mount Kisco, New York. Plaintiff has no idea what the substance was. She did not see any bottle or container from which it may have come. Plaintiff did not see the spill before her fall and does not know how it got there.

       Crucially, plaintiff does not know how long the substance was on the floor before her fall. She did not notice any footprints or cart tracks leading in or out of the spill. She is not aware of any customers making any complaints about the spill before she slipped on it, and has no knowledge of any Target employee being aware of the substance before her fall. She did not notice any garbage, debris or dirt within or around the spill and plaintiff admitted the floor was otherwise "clean and dry". Subsequent to the accident, nothing was said by any Target employee about how the substance got on the floor, how long it was there, or if anyone on behalf of Target was aware of the spill.

       Further, plaintiff's husband, Rocco Oliveri, was walking in front of plaintiff just prior to her fall. Although he did not witness the fall, Mr. Oliveri apparently was able to walk through the same area where plaintiff fell without difficulty. Mr. Oliveri testified that the substance was a clear liquid and none of it was dry. He has no idea what it was. He did not see a container or bottle from which the substance may have come. Mr. Oliveri does not know how the substance got there. He did not notice any footprints or cart tracks leading through or in or out of the same. He is not aware of any complaints to anyone at Target

about the substance. He does not know if any Target employee was aware of the substance on the floor before plaintiff fell in it. He did not notice any garbage, debris or dirt in the spill, and the floor was otherwise clean and dry.

Mr. Oliveri has no idea how long the substance was on the floor before his wife fell upon it. No Target employee stated anything, either directly or indirectly, concerning how the substance got on the floor or how long it was there. No Target employee said anything suggesting that Target was aware of the substance being on the floor prior to plaintiff's fall.

Conversely, testimony elicited from several Target employees who were present in the store on the date of plaintiff's accident establishes a complete lack of notice on the part of Target. Significantly, a Target team leader, Lewie Bennett, confirmed that he was last through the subject area 15 minutes prior to plaintiff's fall while doing a "walk through", which includes inspecting and making sure the floor is clean. At that time, a mere 15 minutes prior to being notified of plaintiff's fall, Mr. Bennett did not see any substance on the floor. Only after responding to the scene of plaintiff's fall did Mr. Bennett see the spill on the floor, which he described as "clear liquid". Mr. Bennett did not know where the substance came from or precisely how long the spill was on the floor.

## LAW

Plaintiff's complaint solely alleges a New York State law claim, namely that she sustained injuries as a result of Target's negligent maintenance of its premises. Nonetheless, "the [U.S.] Supreme Court has made clear that federal courts must apply state substantive law and federal procedural law in diversity actions." Kaufman v. Guest Capital, LLC, 386 F. Supp. 2d 256, 264 n. 7 (S.D.N.Y. 2005) (citing Hanna v. Plumer, 380 U.S. 460 (1965)). The Second Circuit has determined under F.R.C.P. 56 that "the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions." Tenay v. Culinary Teachers Ass'n of Hyde Park, 281 Fed. Appx. 11, 12-13 (2d Cir. 2008) (quoting Brady v. Town of Colchester, 863 F.2d 205, 211 (2d Cir. 1988). Thus, "in cases where the nonmovant will bear the ultimate burden of proof at trial on an issue, the moving party's burden under Rule 56 will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." Tenay, supra. at 13 (quoting Brady, supra; see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986)).

Under New York law, in order to establish a *prima facie* case of negligence in a slip and fall accident, a plaintiff must show that the defendant created the condition which caused the accident or that the defendant had prior actual or constructive notice of the condition. Bradish v. Tank Tech Corp., 216 A.D.2d 505 (2nd Dept., 1995); Hagan v. P.C. Richards & Son, Inc., 28 A.D.3d 422 (2nd Dept., 2006); Goldman v. Waldbaum, Inc., 297 A.D.2d 277 (2nd Dept., 2002); Rivera v. Waldbaum's, Inc., 298 A.D.2d 449 (2nd Dept., 2002).

To establish constructive notice, a defect must be visible and apparent and it must exist for a sufficient period of time to permit a defendant's employees to discover and remedy it. Gordon v. American Museum of Natural History, 67 N.Y.2d 836, (NY Ct. of App., 1986); Kramer v. SBR&C, 2009 N.Y. Slip Op. 03699 (2nd Dept., 2009); O'Callaghan v. Great Atlantic & Pacific Tea Company, 294 A.D.2d 416 (2nd Dept., 2002). Proof, not mere speculation, must be submitted by plaintiff that the hazard upon which she allegedly slipped existed on the floor for a sufficient length of time prior to the accident to permit defendant's employees a chance to discover and remedy it. See O'Callaghan; see also Bachrach v. Waldbaum, Inc., 261 A.D.2d 426, 689 N.Y.S.2d 531 (2nd Dept., 1999). In the absence of any proof as to the length of time that the condition existed prior to the occurrence, plaintiff has failed to establish constructive notice. Acheson v. Shepard, 27 A.D.3d 596 (2nd Dept., 2006); Goldman v. Waldbaum, Inc., 297 A.D.2d 277 (2nd Dept., 2002).

Applying the foregoing to the facts of this case, plaintiff is unable to establish any liability on the

part of Target. Simply put, plaintiff cannot demonstrate either actual or constructive notice on the part of Target of the liquid she claims caused her to fall. Plaintiff testified that she does not know how long the substance was on the floor before her fall. She is not aware of any customers making any complaints about the spill before she slipped on it, and has no knowledge of any Target employee being aware of the substance before her fall.

Further, plaintiff's husband testified that the substance was a clear liquid and none of it was dry. Similarly, Mr. Oliveri is not aware of any complaints to anyone at Target about the substance. He does not know if any Target employee was aware of the substance on the floor before plaintiff fell in it. Mr. Oliveri has no idea how long the substance was on the floor before the accident. Mr. Oliveri conceded that no Target employee said anything suggesting that Target was aware of the substance being on the floor prior to plaintiff's fall.

In light of all of the foregoing, we believe that a motion for summary judgment on behalf of Target is warranted. The evidence appears sufficient to establish that plaintiff has failed to raise a triable issue of fact as to any liability on the part of Target. Plaintiff will not be able to demonstrate actual or constructive notice on defendant's part, and a Target employee can establish a "last-through" inspection a mere 15 minutes prior to plaintiff's fall, at which time the floor of the subject aisle was clean and dry.

Since plaintiff will be unable to establish a prima facie case for premises liability against defendant, Target Corporation, it is respectfully requested that Your Honor permit Target to move for summary judgment to dismiss the plaintiff's complaint.

Thank you.

Respectfully yours,

Mitchell B. Levine
mitch@fishmanmcintyre.com

MBL:PJM:vt
cc:     Thomas E. Gorman, Esq.